OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 14, 2001

The Honorable David Cain
Chair, Committee on Administration
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0355

Re: Application of chapter 711 of the Health and Safety Code to cemeteries not dedicated under that chapter, and related questions (RQ-0304-JC)

Dear Senator Cain:

This office addressed a number of questions relating to cemeteries and their regulation in Attorney General Opinion JC-0235. *See* Tex. Att'y Gen. Op. No. JC-0235 (2000). Seeking clarification of that opinion, your predecessor in office asked a number of additional questions about the application of chapter 711 of the Health and Safety Code to cemeteries dedicated in the late nineteenth century and the effect of a cemetery dedication under common law.[1] We conclude that the provisions in chapter 711 that refer broadly to cemeteries, as opposed to cemetery organizations, apply as a general matter to the kinds of cemeteries described in the request letter. Land dedicated as a cemetery under common law, as opposed to chapter 711, may be conveyed, but the conveyance may not interfere with the land's dedicated use. Section 711.041 requires the owner of a cemetery or private burial ground to provide reasonable public access for visiting purposes.

First, your predecessor asked how chapter 711 applies to cemeteries, where burials were made in the late nineteenth century, that are now located within privately owned land. He explained that this small area of land "was once devoted to burials and evidence of burials exists on the site. This type of cemetery property has not been dedicated by a cemetery organization under Section 711.034, but may have been recorded and formally dedicated by deed to cemetery use prior to the Act." Request Letter, *supra* note 1, at 1. He also asked, "In a situation where a landowner owns property that contains a cemetery of the above described nature, does Chapter 711 of the Health and Safety Code apply to the cemetery?" *Id.* We answer these two questions together.

The request asks, in essence, whether chapter 711 applies to a cemetery that is not organized as a cemetery organization. Chapter 711 refers to both cemetery organizations and cemeteries and

---

[1]Letter from Honorable Chris Harris, Senator, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Oct. 25, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

uses both terms. It defines the term "cemetery organization" in section 711.001(3) to mean "(A) an unincorporated association of plot owners not operated for profit that is authorized by its articles of association to conduct a business for cemetery purposes; or (B) a corporation, either for profit or not for profit, that is authorized by its articles of incorporation to conduct a business for cemetery purposes." TEX. HEALTH & SAFETY CODE ANN. § 711.001(3)(A), (B) (Vernon Supp. 2001). "Cemetery purpose" means "a purpose necessary or incidental to establishing, maintaining, managing, operating, improving, or conducting a cemetery, interring remains, or caring for, preserving, and embellishing cemetery property." *Id.* § 711.001(4). By contrast, the term "cemetery" is defined in section 711.001(2) to mean "a place that is used or intended to be used for interment, and includes a graveyard, burial park, or mausoleum." *Id.* § 711.001(2). "Burial park" means "a tract of land that is used or intended to be used for interment in graves." *Id.* § 711.001(1). Thus, in chapter 711, the term "cemetery" is broader in meaning than the term "cemetery organization" and includes places used for interment that are not formally organized.

In answer to your predecessor's questions, we believe that those provisions in chapter 711 that refer broadly to cemeteries apply as a general matter to the kinds of cemeteries he describes. The term "cemetery" is defined to embrace any "tract of land that is used or intended to be used for interment in graves." *Id.* § 711.001(1). On the other hand, the provisions dealing specifically with cemetery organizations apply only to those entities that fall within the section 711.001(3) definition of that term. As he has not asked about any particular provision of chapter 711, we do not address whether any specific statute applies only to cemetery organizations or more generally to all cemeteries.

Your predecessor also asked the following questions about the effect of a cemetery dedication under common law, as opposed to chapter 711:

> Does a landowner of a property as described above act as a Trustee of the cemetery?
>
> In a situation where the landowner of such property wishes to convey the entire property including the area used as cemetery, may the area of property used as cemetery be conveyed like any other property?

Request Letter, *supra* note 1, at 2.

We believe that Attorney General Opinion JC-0235 and the cases discussed in that opinion answer these questions. Although that opinion focused primarily on chapter 711, we also noted that "under the common law, the conveyance of land dedicated as a cemetery did not affect its use," citing *Houston Oil Co. v. Williams*, 57 S.W.2d 380, 384-85 (Tex. Civ. App.–Texarkana 1933, writ ref'd). That case includes the following statement:

It appears to be the rule that, where property has been actually appropriated either as a private family burying ground or as a public cemetery, it cannot in either instance be inherited or conveyed as other property is done so as to interfere with the use and purposes to which it has been devoted. . . . "When once dedicated to burial purposes, and interments have there been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust."

*Id.* (citations omitted) (quoting *Hines v. Tennessee*, 149 S.W. 1058, 1059 (Tenn. 1911)). *See generally* 12 TEX. JUR. 3D *Cemeteries* §§ 12-13 (1993). In answer to your predecessor's questions, it appears that, under common law, land dedicated as a cemetery may be conveyed, but that the conveyance may not interfere with its dedicated use. Given this limitation on the use of the property, a person who takes title to the property is said hold title "to some extent in trust for the benefit of those entitled to burial in it." *Williams*, 57 S.W.2d at 384-85.

Finally, your predecessor asked:

Do these types of cemeteries, once devoted to and used by the public, with or without recording or formal deeded dedication, remain public cemeteries by virtue of past use even though they [a]re located within private property?

Request Letter, *supra*, note 1, at 1. It is not clear to us what is meant by "public" cemetery, and whether this means, for example, a cemetery to which the public is allowed access for visitation purposes or a cemetery open to members of the public for burial. Section 711.041 governs public access to cemeteries and private burial grounds, providing:

Any person who wishes to visit a cemetery or private burial grounds for which no public ingress or egress is available shall have the right to reasonable ingress and egress for the purpose of visiting the cemetery or private burial grounds. This right of access extends only to visitation during reasonable hours and only for purposes usually associated with cemetery visits.

TEX. HEALTH & SAFETY CODE ANN. § 711.041(a) (Vernon Supp. 2001). The owners of land surrounding the cemetery or private burial ground may designate reasonable routes for ingress and egress. *Id.* § 711.041(b). With respect to burial, land dedicated and used as a cemetery must be preserved as a burial ground for those who have already been interred there. *See Williams*, 57 S.W.2d at 384-85. Whether a land owner must permit members of the public to be interred in a cemetery, however, would depend upon the terms of the original dedication and existing plot conveyances, if any. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.039(a) (Vernon Supp. 2001)

("A plot in which the exclusive right of sepulture is conveyed is presumed to be the separate property of the person named as grantee in the certificate of ownership or other instrument of conveyance."); *see also id.* §§ 711.038 (sale of plots by cemetery association); 714.003 (abandoned plots in private cemeteries). In the case of each particular cemetery, resolution of this issue would require findings of fact,[2] and perhaps even contract interpretation,[3] which are beyond the purview of an attorney general opinion.

---

[2]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

[3]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (contract interpretation beyond purview of this office); DM-383 (1996) at 2 (interpretation of contract not appropriate function for opinion process); DM-192 (1992) at 10 ("This office, in the exercise of its authority to issue legal opinions, does not construe contracts."); JM-697 (1987) at 6 ("review of contracts is not an appropriate function for the opinion process").

## S U M M A R Y

The provisions in chapter 711 of the Health and Safety Code that refer broadly to cemeteries, as opposed to cemetery organizations, apply as a general matter to the cemeteries dedicated in the late nineteenth century. Land dedicated as a cemetery under common law, as opposed to chapter 711, may be conveyed, but the conveyance may not interfere with the land's dedicated use. Section 711.041 requires the owner of a cemetery or private burial ground to provide reasonable public access for visiting purposes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee